1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
Margaret A. McKenna

*Kazerouni Law Group, APC*
*Costa Mesa, California*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARGARET A. MCKENNA, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VIKING CLIENT SERVICES, LLC a/k/a VIKING CLIENT SERVICES, INC. a/k/a VIKING COLLECTION SERVICE, INC.,**<br><br>**Defendant.** | **Case No.:**  '17CV0012 BEN JMA<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.    MARGARET A. MCKENNA ("Plaintiff" or "Ms. McKenna") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant VIKING CLIENT SERVICES, LLC a/k/a VIKING CLIENT SERVICES, INC. a/k/a VIKING COLLECTION SERVICE, INC. ("Defendant" or "VCS") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.    The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy

*Kazerouni Law Group, APC*
Costa Mesa, California

invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

### JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of San Diego, State of California, as it conducts business there and the unlawful conduct alleged herein occurred in this jurisdiction.

### PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Viking Client Services, LLC is a Minnesota limited liability company operating from 7500 Office Ridge Circle, # 100, Eden Prairie, MN 55344. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9.    Plaintiff is informed and believes, and thereon alleges, that Viking Client Services, Inc., which is now in "surrender" status, had that address 7500 Office Ridge Circle, # 100, Eden Prairie, MN 55344. Viking Client Services, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10.   Plaintiff is informed and believes, and thereon alleges, that Viking Collection Service, Inc. is a dissolved business that had that address 7500 Office Ridge Circle, # 100, Eden Prairie, MN 55344. Viking Collection Service, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11.   Plaintiff is informed and believes, and thereon alleges, that Viking Client Services, Inc. and Viking Collection Service, Inc. and Viking Client Services, LLC are the same entity operating at times under different names.

12.   Plaintiff is informed and believes, and thereon alleges, that Viking Client Services, Inc. was converted to limited liability status on or about April 1, 2016.

13.   Plaintiff is informed and believes, and thereon alleges, that Cory Kloeckner is the Chief Executive Officer for Defendant.

14.   Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and within this judicial district.

### FACTUAL ALLEGATIONS

15.   Sometime in or around June 2016, Plaintiff began receiving numerous telephone calls on her cellular telephone ending in "5269" from Defendant where Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16.   These calls were for purposes of attempting to collect a debt allegedly owed to Citibank, N.A., and were from telephone number 800-488-9241.

Kazerouni Law Group, APC
Costa Mesa, California

**Kazerouni Law Group, APC**
Costa Mesa, California

17. On or about July 7, 2016, Plaintiff's attorney sent by mail a cease and desist notice addressed to Citibank, N.A. (P.O. Box 6241, Sioux Falls, SD) expressly revoking any alleged prior express consent, with instructions to cease all calls to Plaintiff.

18. Citibank, N.A. is the alleged original creditor, who later sold the alleged debt to Icon Equities, LLC, on whose behalf Defendant was attempting to collect the alleged debt by calling Plaintiff's cellular telephone.

19. On or about October 25, 2016, and also on or about October 28, 2016, Plaintiff's attorney sent by mail a cease and desist notice addressed to Viking Collection Services (7500 Office Ridge Circle, # 100, Eden Prairie, MN 55344) expressly revoking any alleged prior express consent, with instructions to cease all calls to Plaintiff.

20. By requesting that Citibank, N.A. and VCS cease communications with Plaintiff, Plaintiff revoked any consent, should it have ever existed.

21. Despite this revocation of any consent, Defendant continued to contact Plaintiff for purposes of seeking to collect an alleged debt, including but not limited to auto-dialing Plaintiff's cellular telephone after July 7, 2016.

22. On or about October 4, 2016, Viking Client Services, Inc., of 7500 Office Ridge Circle, Eden Prairie, MN 55344, sent Plaintiff, through her attorney, a dunning letter by mail.

23. On at least some of the calls, a prerecorded voice message was left on Plaintiff's voicemail.

24. The telephone equipment used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. The telephone equipment used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

Kazerouni Law Group, APC
Costa Mesa, California

26. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. These telephone calls were unwanted by Plaintiff.

28. Through Defendants' aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

29. Plaintiff was personally affected by Defendants' aforementioned conduct because Plaintiff was frustrated and distressed that, Defendants interrupted Plaintiff with an unwanted call using an ATDS and or artificial or prerecorded voice.

30. Defendants' call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance, lost time and reduced cell phone battery life.

31. The telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to her cellular telephone, including by means of an ATDS and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

33. These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

35. Plaintiff represents, and is a member of the Class, consisting of:

---

All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

36.   Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not substantially more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37.   Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or artificial or prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.   Plaintiff and the Class members were damaged thereby.

38.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.   Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39.   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made prerecorded calls to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

   b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As a person that received at least one call utilizing an ATDS and/or artificial or prerecorded voice message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

42. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

46. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

**Kazerouni Law Group, APC**
Costa Mesa, California

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

50.   Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

51.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

52.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**
**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///

Kazerouni Law Group, APC
Costa Mesa, California

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

54.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: January 4, 2017                    Respectfully submitted,

                                          **KAZEROUNI LAW GROUP, APC**

                                          By: ___s/ ABBAS KAZEROUNIAN_____
                                                ABBAS KAZEROUNIAN, ESQ.
                                                AK@KAZLG.COM
                                                ATTORNEYS FOR PLAINTIFF

Additional Plaintiff's Counsel

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Kazerouni Law Group, APC
Costa Mesa, California